UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                         Case No. 3:24-cr-279

         Plaintiff,

     v.                                          MEMORANDUM OPINION
                                                   AND ORDER

Jarvis Pool,

         Defendant.

## I.    INTRODUCTION

Defendant Jarvis Pool seeks to suppress evidence seized following his arrest on August 5, 2024. (Doc. No. 224). The government filed a brief in opposition to the motion. (Doc. No. 244). Pool did not file a brief in reply.

Pool also filed a motion to compel the production of certain documents in discovery, as well as a supplement to that motion. (Doc. Nos. 223 and 250). In addition, Pool moved for an extension of time to amend his suppression motion if I grant his motion to compel. (Doc. No. 225). For the reasons stated below, I deny Pool's motions.

## II.    BACKGROUND

During and preceding the summer months of 2024, agents and task force officers with the Drug Enforcement Administration were investigating a drug trafficking organization in Sandusky, Ohio. Among the suspected participants in that organization was Jarvis Pool, whose telephone

communications were being intercepted pursuant to a Title III wiretap warrant. (*See* Doc. No. 1-1 at 3-6; Doc. No. 244 at 6-7).

On July 29, 2024, law enforcement officers executed a search warrant at a residence that Pool allegedly used as a stash house, recovering among other things, cocaine, fentanyl, and crystal methamphetamine. (Doc. No. 1-1 at 4-5). A few days later, officers observed Pool at another location in Sandusky and attempted to arrest Pool on active state court warrants for domestic violence, abduction, and assault. (*Id.* at 6). (*See also* Doc. Nos. 224-1, 224-2, and 224-3). Pool fled that residence when officers approached but was arrested following a foot pursuit. (Doc. No. 1-1 at 6). Officers observed Pool drop something as he ran, which they subsequently determined to be a bag containing over 200 grams of suspected methamphetamine. (*Id.*).

The property resident gave consent for officers to enter the residence and directed them to a backpack the resident stated belonged to Pool. (*Id.*). The backpack contained medication prescribed to Pool, as well as fentanyl and cocaine. (*Id.*). Pool subsequently was charged by indictment with one count of conspiracy to traffic illegal drugs, one count of use of a telecommunications facility to facilitate drug trafficking, and two counts each of possession of methamphetamine, fentanyl, and cocaine with intent to distribute. (Doc. No. 18).

### III.  ANALYSIS

**A.  MOTION TO COMPEL**

Pool seeks to compel disclosure of the unredacted state court warrants as well as the records of the investigations leading to the issuance of those warrants. (Doc. No. 223). He contends that information is subject to disclosure under Federal Rule of Criminal Procedure 16 as well as *Brady v. Maryland*, 373 U.S. 83 (1963). (*Id.*); (*see also* Doc. No. 250). I conclude Pool is not entitled to those documents and deny his motion.

First, I address Rule 16, which in relevant part describes what information the government must disclose to a criminal defendant in discovery. *See* Fed. R. Crim. P. 16(a). As Pool concedes, "the material discoverable by a criminal Defendant [under this Rule] is limited to that which is material to preparing a criminal defense." (Doc. No. 223 at 4). Moreover, the United States Supreme Court has expressly foreclosed the route Pool attempts to take, having "cabined discovery in this setting to 'shield' claims—that is, evidence that 'refute[s] the Government's arguments that the defendant committed the crime charged.'" *United States v. Sanders*, 106 F.4th 455, 473 (6th Cir. 2024) (quoting *United States v. Armstrong*, 517 U.S. 456, 462 (1996)) (alteration by *Sanders*).

Material which purportedly might show Pool did not commit the state court crimes of domestic violence, abduction, and assault has no bearing on whether he committed the drug trafficking crimes charged in the superseding indictment in this case. Therefore, Rule 16(a) does not require the government to disclose that material.

Nor does *Brady* help. In that case, the Supreme Court recognized that "[f]undamental guarantees of due process require the government to provide defendants with evidence it possesses that is exculpatory and material to the defense." *United States v. Tavera*, 719 F.3d 705, 710 (6th Cir. 2013).

Pool implies the documents and records supporting the state court arrest warrants are "favorable" to him and vaguely argues that this information is material to his "punishment." (Doc. No. 223 at 4). I reviewed the documents the government filed under seal for *in camera* review and found nothing favorable to Pool. I remind the government of its duty to promptly comply with its obligations if it identifies materials subject to disclosure pursuant to *Brady*.

I deny Pool's motion to compel.

3

B.  **MOTION TO SUPPRESS**

Pool contends all evidence seized following his August 5, 2024 arrest must be suppressed because there was not probable cause to support the state court warrants and no officer could have relied on those warrants in good faith. (Doc. No. 224). The government disputes this, arguing officers acted on their sworn duty to effectuate the arrest of an individual with an active warrant and had probable cause to arrest Pool for narcotics trafficking based upon the DEA investigation. (Doc. No. 244 at 22). Further, the government asserts Pool's constitutional rights were not violated because he abandoned the property he was holding and the resident of the house from which Pool fled gave consent for officers to search. (*Id.*).

Pool's arguments are not persuasive. Even if I assume for the sake of argument that the arrest warrants were invalid, "fleeing or otherwise resisting an unlawful search or seizure constitutes an intervening independent act of free will that purges the taint from the initial unlawful search or seizure." *United States v. King*, 466 F. App'x 484, 488 (6th Cir. 2012) (citing *United States v. Allen,* 619 F.3d 518 (6th Cir. 2010)). Once Pool fled, any alleged defect in the state court arrest warrants became immaterial.

Further, as the government points out, Pool threw the methamphetamine as he ran and therefore lacked a reasonable expectation of privacy in the location where he abandoned the narcotics. *See, e.g., United States v. Oswald*, 783 F.2d 663, 666 (6th Cir. 1986) (citations omitted). And officers could reasonably rely on the consent to search provided by the resident of the property from which Pool fled. *See, e.g., United States v. Morgan*, 435 F.3d 660, 663-64 (6th Cir. 2006).

I conclude Pool fails to carry his burden to show the seizure of evidence following his arrest violated his Fourth Amendment rights. Therefore, I deny his motion to suppress.

## IV. CONCLUSION

For the reasons set forth above, I deny Pool's motion to compel and his motion to suppress. (Doc. Nos. 223 and 224). I further deny as moot his motion for an extension of time to amend his motion to suppress. (Doc. No. 225).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge